Kimberlee Walker Olsen
Attorney at Law
3400 188th Street W, Suite 484
Lynnwood, WA 98037
Phone: 425-744-0411
Facsimile: 425-771-3490
E-mail:  kolsen@lukecasteel.com
Washington State Bar No. 28773
 Attorney for Defendant

**Honorable Rosanna Malouf Peterson**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JOHN C. HARVEY, a married person, | No. 10-CV-5091-RMP |
| Plaintiff, | ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S **MEMORANDUM OF POINTS AND AUTHORITIES** IN SUPPORT OF ITS MOTION TO DISMISS |
| v. | |
| ALLIANCEONE RECEIVABLES MANAGEMENT, INC., a debt collection agency; and CREDIT ONE BANK, N.A., a nationally chartered bank holding company, | |
| Defendant. | |

# I.
# MOTION STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) addresses the court's subject matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a

particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) states that the facts, as pled, fail to state a claim upon which relief can be granted. FRCP 12(b)(6). In ruling on such a motion, legal conclusions cast as factual allegations may not benefit from the presumption of truthfulness. *In re Rockefeller Center Properties, Inc.*, 311 F.3d 198, 216 (3d. Cir. 2002).

## II.
## ARGUMENT AND AUTHORITY

A.   <u>Plaintiff's Claims and Background Facts</u>.

Plaintiff initiated suit against two Defendants, Credit One Bank, N.A. (a creditor) and AllianceOne Receivables Management, Inc. (a collection agency), but reached a settlement with Credit One and has dismissed that Defendant. (Dkt.# 10). The facts and claims alleged in Plaintiff's Complaint are sparse, but sufficient for this Court to determine the issues in this Motion as a matter of law. Specifically, Plaintiff states that he:

(1) filed for Bankruptcy protection on February 16, 2010;
(2) notified Credit One of his bankruptcy and retention of counsel; and
(3) on May 21, 2010, AllianceOne attempted to collect a debt previously assigned by Credit One.

(Dkt. #1 at pg. 3.)

He concludes, based on the above facts, that AllianceOne violated 15 U.S.C. §1692f(1), by attempting to collect a debt which it could not legally collect, and §1692c(a)(2), by communicating with Harvey after he had sent written notification that he was represented by counsel. He also alleges state law claims. (Dkt. #1 at pg. 3.)

B.  §1692f(1) Claim and Analysis of *Walls v. Wells Fargo*

In 1997, Donna Marie Walls filed a Chapter 7 bankruptcy petition and listed, among other debts, a $118,000 obligation to Wells Fargo Bank. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). Ms. Walls received a discharge in January, 1998. *Walls* at 503. Ms. Walls subsequently filed suit against Wells Fargo Bank in federal district court, alleging that the Bank had attempted to collect on the debt during the automatic stay as well as after she received her discharge, in violation of 11 U.S.C. sec. 524, and further alleged that such conduct violated the FDCPA, 15 U.S.C. sec. 1692f. *Id*.

Wells Fargo moved to dismiss the FDCPA claim under FRCP 12(b)(6) for lack of jurisdiction and the district court granted the motion. *Id*.

On appeal, Walls argued to the Ninth Circuit that an FDCPA claim is "outside of the bankruptcy proceedings because the bankruptcy is over and done with, while the FDCPA is needed to protect a debtor who has been discharged." *Id*.

In considering her argument, the Ninth Circuit focused on the basis for Walls

CASE NO. CV-10-5091-RMP

FDCPA claim under §1692f , which clearly arose out of an alleged violation of 11 U.S.C. § 524, and found that such necessarily entailed "bankruptcy-laden determinations."  *Walls* at 515.

The Court further explained:

> The Bankruptcy Code provides its own remedy for violating §524, civil contempt under §105. To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door -- a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt. . . . Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA..

*Walls* at 515-16.

In reaching its conclusion to affirm the District Court's dismissal, the Ninth Circuit added: "because Walls remedy for violation of §524, <u>no matter how cast</u>, lies in the Bankruptcy Code, her simultaneously FDCPA claim is precluded". *Id*. at 516-17 (emphasis added).

Just as in *Walls*, here Mr. Harvey is precluded from bringing a private right of action in District Court for an FDCPA violation under §1692f, where his claim is, at its essence, a claim for violation of §524 of the Bankruptcy Code.

Plaintiff's §1692f claim against AllianceOne should be dismissed.

C. <u>§1692c(a)(2) Claim, Notice of Representation</u>

ALLIANCEONE'S MEMO. OF POINTS - 4
CASE NO. CV-10-5091-RMP

With regard to the claim that AllianceOne violated §1692c(a)(2), the Complaint clearly states that notice was sent to Credit One, <u>not</u> AllianceOne, its agent. (Dkt.# 1). In the context of FDCPA issues, notice to a principal (here, Credit One) does not operate as notice an agent. *Clark v. Capital Credit*, 460 F.3d 1162, 1177 (9th Cir. 2006). Thus, Plaintiff fails to state a claim against AllianceOne under §1692c(a)(2) because he does not allege any notice to AllianceOne of representation by counsel. This claim should be dismissed.

D. <u>State law claims, Declining Jurisdiction</u>

If the above-discussed federal claims are dismissed, this Court should decline jurisdiction over the state law claims. The Ninth Circuit has specifically stated that a trial court should dismiss pendent state claims when no federal claims remain. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 651 (9th Cir. 1984).

Dated this 6th day of April, 2011.

/s/ Kimberlee Walker Olsen
_____
Kimberlee Walker Olsen**,** WSBA 28773
Luke, Casteel & Olsen, PSC
Attorney for AllianceOne Receiv. Mgmt., Inc.
3400 188th Street W, Suite 484
Lynnwood, WA 98037
Phone: 425-744-0411
Facsimile: 425-771-3490
E-mail:  kolsen@lukecasteel.com

**CERTIFICATE OF SERVICE**

1  I hereby certify that on April 6, 2011, I electronically filed the foregoing with the
2  Clerk of the Court using the CM/ECF System which will send notification of such filing
   to the following: Robert J. Reynolds.
3
4                                              /s/  Kimberlee Walker Olsen
                                               Kimberlee Walker Olsen, WSBA #28773
5                                              Attorney for Defendant
                                               LUKE, CASTEEL & OLSEN, PSC
6                                              3400 188th Street SW, Suite 484
                                               Lynnwood, WA 98037
7                                              Ph: 425-744-0411
                                               Fax: 425-771-3490
8                                              Email: kolsen@lukecasteel.com
9

ALLIANCEONE'S MEMO. OF POINTS - 6
CASE NO. CV-10-5091-RMP