ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: (509)453-0313
Fax: (509)453-0314

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| John C. Harvey, a married person, Plaintiffs, vs. AllianceOne Receivables, Management, Inc., a debt collection agency, Defendants. | NO. CV-10-5091-RMP<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

Plaintiff-John C. Harvey (Harvey) is seeking relief for wrongful actions that Defendant-AllianceOne Receivables Management, Inc. (AllianceOne) undertook during Harvey's bankruptcy. These collection attempts were made during the automatic stay and therefore could not be legally carried out. As AllianceOne was attempting to collect on a debt which they could not legally collect, Harvey filed suit under the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*.

(the FDCPA) and the Washington State Collection Agency Act, RCW 19.16.100 *et seq*. (the WSCAA) as statutes which can govern the behavior at issue.

Alternatively, Ninth Circuit case law suggests that if a cause of action is erroneously filed in District Court which should have been filed in Bankruptcy Court the proper course of action is for the District Court to transfer the case over to the Bankruptcy Court rather than dismiss the claim. As such, dismissal in this instance in inappropriate under the theories presented by the Defendants.

## ARGUMENT AND AUTHORITES

### A. Legal Standard Applicable to Defendants' 12(b)(6) Motion to Dismiss.

Ninth Circuit case law holds that a court should not dismiss a complaint under rule 12(b)(6) unless there is no set of facts, if proven, which would support the cause of action alleged by the plaintiff under any "cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, the Plaintiffs have pleaded sufficient facts which, if true, would entitle them to recovery under a legitimate legal theory. Namely, the Plaintiff alleges that AllianceOne attempted to collect a debt which it could not legally collect. Complaint at 4.2, *Harvey v. AllianceOne Receivables Management Inc. et al.*, No. CV-10-5091-RMP, (E.D.Wash. 2010). This allegation, if proven, is a violation of the FDCPA and the WSCAA and would entitle Harvey to recovery under both Acts. *See* 15 U.S.C. 1962f(1) and RCW 19.16.250(18).

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

The facts pleaded to support Harvey's allegation is that prior to February 16, 2010 Harvey entered into a credit card arrangement with Credit One. On February 16, 2010 Harvey filed for bankruptcy protection and notified Credit One of his bankruptcy and that he had retained Robert J. Reynolds as his attorney. *See* Exhibit "A". The notice stated that, "the filing of the bankruptcy case stays certain collections and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." *Id*. Prior to May 21, 2010 Credit One retained AllianceOne as its collection agent for the purposes of collecting a debt from Harvey. On May 21, 2010 AllianceOne attempted to collect on this debt. *See* Exhibit "B". On June 3, 2010, Harvey was granted a discharge by the bankruptcy court. *See* Exhibit "C". Thus, Defendants' behavior would constitute a violation of 11 USC 362 and an attempt to collect on a debt when it could not legally do so.

However, the Defendant does not attack the factual basis of the complaint in "AllianceOne Receivables Management, Inc.'s Memorandum of Points and Authorities in Support of its Motion to Dismiss" (Defendant's Brief) but rather claims that there is no cognizable legal theory under which they might be liable to Harvey. In support of this contention they claim that the Bankruptcy Code preempts Harvey's claims, although this issue is not a point of settled law.

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

Defendant's Brief at 4. Since the Defendant relies on a conclusion of law which is not established, their Motion to Dismiss should be denied.

**B. Ninth Circuit Case Law Concerning The Exclusivity Of The Bankruptcy Code Does Not Apply To Violations Of The Automatic Stay.**

The Defendant relies primarily on one case to support it contention that the Bankruptcy Code preempts the FDCPA and WSCAA in this case, *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). In this case the debtor alleged that the creditor violated 11 USC 524(a) giving rise to a private cause of action. *Walls* at 504. The debtor argued that the appropriate private cause of action was one under the FDCPA. *Id*. The court held that a violation of 11 USC 524(a) does not give rise to a private cause of action and therefore cannot support an FDCPA claim.

However, Defendant fails to disclose the reasoning that the *Walls* court used to reach its conclusion. The Walls court stated:

> Congress certainly knows how to create a private right of action when it wants to; for sure it knew how to create a private right of action when it amended §§ 362 and 524 in 1984. Both sections were enacted on November 6, 1978, and neither explicitly provided for a private right of action. Each had generally been held enforceable only through an action for contempt. In the 1984 amendments, Congress added subsection (h) to § 362, expressly conferring on debtors the right to sue for damages for a willful violation of the automatic stay. Section 524 was amended on the same day, but no similar provision, providing a private right of action for violation of the discharge injunction, was added. Had Congress meant to create a private right of action for violations of § 524, it could easily have done so; that it did not is a strong indiction (sic) that it did not intend any



ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

> such remedy. … Moreover, creation of an express right of action under the automatic stay provision responded to widespread criticism of the need to rely on the contempt power to remedy violations of § 362.

*Walls* at 508-509. Thus, *Walls* actually is the basis of Harvey's claim rather than the case which precludes it.

**B. The FDCPA And WSCAA Are Appropriate Statutes To Remedy The Violations of 11 USC 362.**

11 USC 362(k) provides, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." These damages are the exact same as those provided in the FDCPA and WSCAA except the punitive damages in a FDCPA claim are capped at $1,000. Thus the FDCPA provides for a remedy of the type and kind envisioned in 11 USC 362(k).

Additionally, the FDCPA's explicit purpose matches the purpose expressed in 11 USC 362. Congress included the automatic stay in bankruptcy proceedings to give the debtors a breathing spell and relief from the harassment of debt collectors. *Pertuso v. Ford Motor Credit Co*., 233 F.3d 417, 421 (6th Cir. 2000). Similarly, the FDCPA was enacted to prevent or discourage debt collectors from harassing debtors. Congress believed that such harassment caused unacceptable strains on individual's marriages, job performance and personal quietude.

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

Since the purpose of the two provisions is the same and the remedies outlined in each are identical, it is clear that the FDCPA is a suitable vehicle for enforcing 11 USC 362.

**C. If This Court Declines To Hear This Claim, It Should Refer The Claim To Bankruptcy Court.**

Even if this Court should hold that Harvey's claim is pre-empted by the Bankruptcy Code and can only be remedied through the bankruptcy courts, the appropriate remedy is to refer the case to the bankruptcy court and allow it to fashion an appropriate remedy under its powers under 11 USC 105(a). *Walls* at 507. Thus a dismissal of this claim with prejudice would be inappropriate and any dismissal would only be appropriate if there was a concurrent referral of the case to the bankruptcy court.

## CONCLUSION

Plaintiffs allege that Defendant violated the FDCPA and WSCAA while collecting a debt which was subject to an automatic stay in bankruptcy pursuant to 11 USC 362. Since 11 USC 362(k) provides a private cause of action, the FDCPA and WSCAA are appropriate statutory vehicles for enforcing the automatic stay.

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

As such, Plaintiffs sufficiently state a claim within their complaint. Therefore, Plaintiffs respectfully request that Defendants' motion to dismiss be denied.

Dated this 20th day of April, 2011.

/s/ Robert J. Reynolds
Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

**Certificate of Service**

The undersigned certifies that on April 20, 2011, a copy of the forgoing was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Kimberlee Walker Olsen

By: /s/ Robert J. Reynolds
Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314