UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN C. HARVEY, a married person,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC., a debt collection agency,<br><br>　　　　　　　　Defendant. | NO: CV-10-5091-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

Before the Court is Defendant AllianceOne Receivable Management, Inc.'s ("AllianceOne") Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6), ECF No. 14. The Court has reviewed the Motion, ECF No. 14, the Memorandum in Support, ECF No. 15, the Memorandum in Opposition, ECF No. 17; the complaint, and the file in this case and is fully informed.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

# BACKGROUND

In his Complaint, the Plaintiff alleges that he had a credit relationship with Credit One Bank, N.A ("Credit One"). ECF No. 1 at 3. On February 16, 2010, the Plaintiff filed for bankruptcy protection and notified Credit One that he had retained counsel. ECF No. 1 at 3. The notification sent by the Plaintiff to Credit One stated in part "the filing of the bankruptcy stays certain collections and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the bankruptcy code, you may be penalized." ECF No. 1 at 3. Prior to May 21, 2010, Credit One retained AllianceOne as its collection agent with regard to the Plaintiff's debt. ECF No. 1 at 3. On May 21, 2010, AllianceOne attempted to collect on the debt. ECF No. 1 at 3. At the time of the Complaint being filed, AllianceOne's collection attempts were ongoing. ECF No. 1 at 3. The Complaint alleges causes of action under the Fair Debt Collection Practices Act ("FDCPA") and the Washington State Consumer Protection Act ("WSCPA").

# DISCUSSION

The Defendant has moved to dismiss under Rule 12(b)(1) and 12(b)(6) asserting that this Court lacks subject matter jurisdiction and that the Plaintiff has failed to state a claim upon which relief can be granted. With regard to the FDCPA claims, the crux of the Defendant's argument is that the Plaintiff lacks the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

right to sue under the FDCPA because such claims are precluded by the bankruptcy code. For this contention the Defendant relies on *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002).

In *Walls*, Donna Marie Walls alleged that Wells Fargo Bank attempted to collect a debt from her both during the operation of the automatic bankruptcy stay and after the debt had been discharged. *Id.* at 504. Walls brought suit seeking damages and a finding of contempt for violation of the automatic stay and violation of the discharge. *See id.* at 505. In her claim for damages for violation of the discharge, Walls asserted a private right of action under the discharge provision of the bankruptcy code and asserted violations of the FDCPA. *Id.*

Pursuant to a motion by Walls, the district court referred to the bankruptcy court Walls' damages claim for willful violation of the automatic stay under 11 U.S.C. § 362 and Walls' contempt claim for violating the automatic stay and violating the discharge under 11 U.S.C. §§ 362, 524. *Id.* at 505. After the referral, only Walls' claims for damages, under § 524 and the FDCPA, for violations of the discharge remained at the district court. *Id.* Pursuant to a motion by Wells Fargo, the district court dismissed Walls' claims for damages for violating the discharge concluding that § 524 provided no private right of action and that application of the FDCPA was precluded by the bankruptcy code. *Id.* Walls appealed the dismissal. *Id.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

The Ninth Circuit agreed with the district court that there was no private right of action for damages under the bankruptcy discharge provision. *Id.* at 510. As part of its analysis, the court compared the bankruptcy code's discharge provision, § 524, with its automatic stay provision, § 362. *Id.* at 508-09. The court noted that Congress had amended § 362 to explicitly provide a private right of action for damages, but Congress had chosen not to provide a private right of action under § 524. *Id.* at 509. The Ninth Circuit declined to imply such a right. *Id.* at 510.

Walls argued that even if there was no cause of action directly under § 524, she could still seek damages for violation of the FDCPA. The Ninth Circuit noted that Walls' FDCPA claim was based off of a violation of § 524. *Id.* While the court made particular note of the fact that "permit[ting] a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door-a private right of action," the court ultimately relied on the fact that "'[a] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike.'" *Id.* (quoting *MSR Exploration, Ltd. v.Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996). Ultimately, the court concluded that "[w]hile the FDCPA's purpose is to

avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code." *Id.* (citing *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974)).

To the extent that the Plaintiff seeks damages under the FDCPA for violations of § 524 of the bankruptcy code, it is clear that *Walls* precludes such an award. However, the Plaintiff appears to allege FDCPA claims for violations of § 362, a question that the *Walls* court did not explicitly answer. To the extent that the *Walls* court's reasoning relied on the fact that allowing FDCPA claims to proceed based on violations of § 524 would provide a remedy that is unavailable under the bankruptcy code itself, the reasoning is inapplicable for violations of § 362 because the bankruptcy code provides for a private action for damages for violations of § 362. § 362(k). However, the court's conclusion that the bankruptcy code involves a comprehensive balancing of the debtor's and creditors' interests and that "if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code," *Walls*, 276 F.3d at 510, convinces this Court that the result for FDCPA claims based on violations of § 362 should be the same as for FDCPA claims based on violations of § 524. Accordingly, the Plaintiff's FDCPA claims are precluded by the bankruptcy code and may appropriately be dismissed under Rule 12(b)(6).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

The Plaintiff argues that his FDCPA claims should not be dismissed but should be referred to the bankruptcy court. However, the Court has concluded that FDCPA claims are not cognizable for a violations of § 362. This conclusion is true whether such claims are asserted in this court or in a bankruptcy court. While it is true that the trial court in *Walls* referred portions of the action to the bankruptcy court, the *Walls* plaintiff had brought an action for damages directly under § 362 and an action for contempt under § 105. *See Walls*, 276 F.3d at 505. It was these claims that the district court referred to the bankruptcy court. *Id.* In this case, the Plaintiff has made no claims under the bankruptcy code itself. Therefore, there are no bankruptcy claims to refer to the bankruptcy court.

Because the FDCPA claims are not cognizable before this court, and because the claims cannot be referred to the bankruptcy court, the appropriate action in this case is to dismiss the FDCPA claims alleged in the Complaint. Fed. R. Civ. P. 12(b)(6). The FDCPA claims form the sole basis for federal question jurisdiction in this case. "When federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *Jones v. Cmty. Redev. Agency of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Therefore, it is appropriate for this court to concomitantly dismiss the state law claims alleged in the Complaint.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

Rule 15 provides that leave to amend a complaint shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to grant "leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn v. Ret. Fund Trust of Plumbing, Heating, and Piping Indus. S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)). Here, there is no evidence of undue delay or bad faith. Additionally, amendment does not appear to be futile because the Plaintiff may have a claim under § 362 of the bankruptcy code that can be articulated in an amended complaint. The Court concludes that there would be no prejudice to the Defendant in allowing amendment because the Plaintiff's bankruptcy claims would involve the same evidence and legal theories as the current claims. Therefore, the Plaintiff has leave to amend the complaint within thirty days of entry of this order.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's Motion to Dismiss, **ECF No. 14**, is **GRANTED**.

2. The above captioned Complaint, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

1  3. The Plaintiff shall file his First Amended Complaint, if any, no later than

2  **30 days** from the entry of this Order.

3  The District Court Executive is hereby directed to enter this Order and to

4  provide copies to counsel.

5  **DATED** this 18th day of July, 2011.

*s/ Rosanna Malouf Peterson*<br>
ROSANNA MALOUF PETERSON<br>
Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8